# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.V.V.,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Otay Mesa Detention Facility; GREGORY J. ARCHAMBEAULT, Acting Field Office Director, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of U.S. Department of Homeland Security; PAM BONDI, Attorney General of the United States,<br><br>    Respondents. | No. 25cv3272-BTM-MMP<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND MOTION TO FILE STATEMENT UNDER SEAL** |

Pending before the Court is Petitioner A.V.V.'s motion for a temporary restraining order (TRO) pending a decision on his petition for a writ of habeas corpus.

In 2022, A.V.V. was granted parole. In 2024, Petitioner filed an application for asylum. A.V.V. fears human rights abuse in Nicaragua, his native country. On May 30, 2025, A.V.V. was detained by Immigration and Customs Enforcements (ICE) agents.

The Court held a hearing on A.V.V.'s TRO motion on December 1, 2025. The Government conceded that A.V.V. was granted parole and essentially conceded that the issue for the Court is whether A.V.V.'s parole was lawfully revoked. The Court granted the Government additional time, until 10:00 A.M. on December 4, 2025, to submit evidence showing that A.V.V.'s parole was expired or lawfully revoked. The Government's submission, however, does not offer any support for the claim that A.V.V.'s parole was expired or lawfully revoked.

Whether there is jurisdiction to review the revocation of parole depends on whether the Department of Homeland Security (DHS) exercised its discretion when revoking parole. *See Hassan v. Chertoff*, 593 F.3d 785, 789-90 (9th Cir. 2010) (per curiam) (finding no jurisdiction over discretionary decision to revoke parole because DHS followed the regulations at issue); *see also Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *15-24 (S.D. Cal. Oct. 1, 2025) (maintaining jurisdiction to review lawfulness of parole revocation); *Orellana v. Francis*, No. 25-CV-04212, 2025 U.S. Dist. LEXIS 160866, *9 (E.D.N.Y. Aug. 19, 2025) ("[T]he Court finds that § 1252(a)(2)(B)(ii) does not preclude the Court from reviewing the lawfulness of the revocation of Petitioner's parole."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, ____ (D. Or. 2025) ("[T]he Review Statute and the Parole Statute do not preclude this District Court from reviewing whether the decision to terminate Petitioner's parole was lawful."). There will be jurisdiction if DHS failed to follow the law when revoking parole. Because that issue is ripe for review, A.V.V. is not required to further exhaust any potential administrative remedies.

Congress allows for the revocation of parole "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C. § 1182(d)(5)(A). When the Secretary so opines, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* Under regulations, the Secretary has delegated the decision making to various officials. 8 C.F.R § 212.5(a) (listing the officials).

Due process for parole terminations requires (1) a decision by an appropriate official on whether the purpose of parole has been served; (2) written notice of the reasons for the termination; and (3) a fair opportunity to rebut the reasons given for the termination. *See Noori*, 2025 U.S. Dist. LEXIS 194953, *29 ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H*, 792 F. Supp. 3d at ____ ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)).

Here, A.V.V. is likely to succeed in showing that Respondents revoked A.V.V.'s parole without making the finding set forth in 8 U.S.C. § 1182(d)(5)(A). A.V.V. is likely to succeed in showing that the revocation of his parole was neither consistent with 8 U.S.C. § 1182(d)(5)(A) nor the demands of due process. *See Y-Z-L-H*, 792 F. Supp. 3d at ____ (explaining that 1182(d)(5)(A) "has a mandatory requirement—parole may be terminated or revoked only when in the Secretary's opinion the parole's purposes have been met"). Indeed, since the hearing on the TRO motion, the Government has not offered any evidence showing that A.V.V.'s parole was expired or lawfully revoked.

A.V.V. has also shown that he is likely to suffer irreparable harm in the absence of a TRO. The balance of hardships and equities tips heavily and sharply in A.V.V.'s favor, and a TRO is in the public interest. A TRO is warranted under the *Winter* factors. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

For the reasons stated, A.V.V.'s motion for a TRO is **granted**. Respondents are temporarily enjoined from detaining A.V.V. and thus must immediately release A.V.V. from custody under the conditions previously imposed. Respondents have until 10:00 A.M. on December 11, 2025, to submit evidence showing that A.V.V.'s parole was expired or lawfully revoked. Respondents shall file a status report confirming compliance with this order no later than December 5, 2025. The motion to file under seal a statement with A.V.V.'s name is **granted**. (ECF No. 16).

**IT IS SO ORDERED.**

Dated: December 4, 2025
6:43 P.M.

Honorable Barry Ted Moskowitz
United States District Judge